## EDUCATION

COMMUNITY COLLEGES – WHETHER STATUTE AUTHORIZES
COUNTY AUDITOR TO CONDUCT A PERFORMANCE AUDIT
OF A COMMUNITY COLLEGE

October 11, 2011

*Victoria K. Fretwell, Chair*
*Anne Arundel Community College Board of Trustees*

On behalf of the Board of Trustees of Anne Arundel
Community College, you asked whether Annotated Code of
Maryland, Education Article ("ED"), §16-315(i) empowers the Anne
Arundel County Council to compel the Anne Arundel Community
College ("the College") to undergo an audit by the County Auditor
of its administrative and management practices. The College asserts
that such an audit would be a "performance audit" and that the
County Auditor "does not have authority under State law to conduct
a performance audit of the manner in which the college is managed."

For the reasons discussed below, it is our opinion that ED §16-
315(i) does not authorize the County Auditor to audit the
administrative and management practices of the College. The statute
permits the County Auditor to conduct an audit of the financial
accounts of the College.

## I

## Background

### A. *Audit Requirements for Community Colleges*

Under Maryland law, each community college is to "have an
annual audit of its books of accounts, accounting procedures and
principles, and other fiscal and operational methods and
procedures." ED §16-315(b). The audit is to be conducted in
accordance with guidelines established by the Maryland Higher
Education Commission ("MHEC"). ED §16-315(a); COMAR

13B.07.03. The audit report and related management letter[1] must be submitted to MHEC for review and assessment and to the Legislative Auditor. ED §16-315(b); COMAR 13B.07.03.02A.[2] MHEC is to evaluate each audit report it receives and may take various actions depending on a college's response to recommendations in an audit report. ED §16-315(c).

The statute does not ordinarily require use of a particular auditor. The Legislative Auditor may conduct the annual audit for a community college, on giving the college notice of its intent to do so. ED §16-315(d). "[A]n official auditor of any county or Baltimore City" also may conduct the annual audit of a community college, if MHEC approves the use of that auditor and the Legislative Auditor concurs. ED §16-315(f). The cost of the annual audit is the responsibility of the college. ED §16-315(g).

At the direction of the Legislature's Joint Audit Committee, the Legislative Auditor may undertake special audits of any community college at State expense. ED §16-315(e). Each year, the Legislative Auditor is required to submit a report "on the results of the annual and special community college audits." ED §16-315(h).

Finally, the statute states:

> Nothing contained in this section may be construed to prohibit a periodic or special audit by an official auditor of any county providing funds for a community college.

ED §16-315(i). The statute does not define "periodic or special audit."

---

[1] In a management letter, sometimes referred to as an internal controls report, an auditor evaluates the entity's internal financial controls. Gauthier, *Governmental Accounting, Auditing and Financial Reporting (Using the GASB 34 Model)* (2005) at p. 698; American Institute of Certified Public Accountants, Statements on Auditing Standards, SAS 115 (AU 325) – Communicating Internal Control Related Matters Identified in an Audit.

[2] The guidelines also require that the community college submit to an "enrollment audit," which relates to a calculation of "full-time equivalent students." COMAR 13B.07.03.02. The full-time equivalent student calculation is used in the formula for distributing State aid to community colleges. *See* ED §16-305.

### B. *County Council Audit Resolution*

On July 18, 2011, the Anne Arundel County Council adopted Resolution No. 39-11 ("Resolution"). Citing ED §16-315(i) concerning "periodic or special" audits, the Resolution requests the County Auditor to undertake an audit of the College to review numerous areas of College administration and management. In particular, the Resolution asks the County Auditor to analyze the "effectiveness" of the College's utilization of its facilities, to compare its administrative costs with those of other colleges, to make various other comparisons with other colleges (*e.g.*, sabbatical policies, sabbatical pay, pay and benefits of the College president), and to obtain various items of information and documentation from the College.

You ask whether the County Auditor has authority to conduct such an audit under the statutory provision that allows a county auditor to conduct a "periodic or special" audit of a community college.

## II

## Analysis

### A. *Types of Audits*

An audit of a government entity is generally characterized as either a "financial audit" or a "performance audit." *See* 75 *Opinions of the Attorney* General 172 (1990) ("1990 Opinion"); *see also* 92 *Opinions of the Attorney* General 137, 141-42 (2007); United States Government Accountability Office, Government Auditing Standards – 2011 Internet Version (August 2011) ("GAO Standards"), Chapter 2. A "financial audit" is a review of an entity's financial statements, or segments of them, for two purposes: to determine whether the statements fairly present the audited entity's financial position in accordance with generally accepted accounting principles; and to determine whether the entity has complied with legal requirements governing those transactions and events that may have a material effect on the financial statements. 1990 Opinion at 174; GAO Standards at §§2.07, 2.08. By contrast, a "performance audit" is an assessment of an entity's or program's practices to determine whether the entity or program is operating economically and efficiently, whether it is achieving its objectives, and whether

corrective actions for improving its performance are appropriate.[3] 1990 Opinion at 174; GAO Standards at §§2.10, 2.11.

Although the Resolution itself does not characterize the assignment that it gives the County Auditor, you believe it calls for a performance audit and that the cited statute does not authorize a performance audit by a county auditor.

### B. Audits by County Auditor under ED §16-315

To answer your question, we must assess the role of the County Auditor under ED §16-315 – a question of statutory construction in which we attempt to discern the intent of the Legislature. As the Court of Appeals has frequently stated, that process looks first to the language of the statute, considers it within the overall statutory scheme, and may also examine the statute's history to resolve ambiguities. *See Breslin v. Powell,* 2011 Md. LEXIS 518 at 34-35 (August 16, 2011).

### 1. Statutory Language

There are two references in ED §16-315 to "an official auditor" of a county that provides funds to a community college – a term that encompasses the County Auditor. The first states that such an auditor may conduct the required annual audit of the college – an audit that clearly is a financial audit. ED §16-315(f). The second reference in the statute states that "[n]othing in this section may be construed to prohibit a periodic or special audit by an official auditor of any county providing funds for a community college." ED §16-315(i). This provision appears simply to make clear that the authority to do the *annual* audit does not preclude a county auditor from conducting audits on other occasions or in other cycles. Thus, on its face, the reference to a "periodic or special" audit by a county auditor in ED §16-315(i) is addressed to the timing or scope of an audit, not its nature.[4]

---

[3] This definition was articulated in the 1990 Opinion and was later adopted by the General Assembly in a statute governing performance audits of local boards of education. Chapter 88, Laws of Maryland 1996, *now codified at* ED §5-110(a).

[4] This reading is consistent with the use of those terms by accountants. According to a dictionary of accounting terms, a "periodic

(continued...)

The Annotated Code of Maryland contains only two other references to a "periodic" or "special" audit of a government entity that does not involve the Legislative Auditor. In both instances, the statute authorizes, or preserves a right to conduct, a financial audit. *See* Annotated Code of Maryland, Correctional Services Article, §11-903(a)(4) (providing that statute requiring accounting of local inmate welfare funds does not preclude a "periodic or special audit" of such a fund); Criminal Procedure Article, §15-414(e)(3) (authorizing County Executive or County Council of Howard County to order a "special audit" of the Howard County State's Attorney in accordance with a provision of the County charter providing for financial audits); *see also Andresen v. Bar Assn. of Montgomery County*, 269 Md. 313, 316, 305 A.2d 845 (1973) (referring to a court-ordered audit of an attorney's accounts related to the closing of real estate transactions as a "special audit").

### 2. Absence of Language concerning Performance Audits

Nothing in ED §16-315 specifically authorizes a county auditor to conduct a performance audit of a community college. When the General Assembly authorizes an auditor to conduct a performance audit, it makes that intention quite clear. For example, it has charged the Legislative Auditor generally with performing "performance audits" of State entities, when directed by the Joint Audit Committee, by the Executive Director of the Department of Legislative Services, or otherwise by law. Annotated Code of Maryland, State Government Article ("SG"), §§2-1207(5) and 2-1220(a)(3).[5] The scope of such an audit includes evaluating the efficiency, effectiveness, and economy with which resources are used, determining whether desired program results are achieved, and determining the reliability of identified performance measures. SG §2-1221(b).

---

[4] (...continued)
audit" is an audit "covering an intermediate accounting period such as a month" or an audit "conducted at state intervals of time." W.W. Cooper & Y. Ijiri, Kohler's Dictionary for Accountants (6th ed. 1983) at 378. The term "special audit" is used to refer to an audit "having a limited, specific scope." *Id.*

[5] In the 2011 Session, the General Assembly added SG §2-1220(f), authorizing Legislative Auditor to conduct "performance audits" of the Board of Liquor License Commissioners for Baltimore City. Chapter 263, Laws of Maryland 2011.

In other statutes, the General Assembly has authorized performance audits in particular contexts or for particular purposes. For example, in ED §5-110(f), the General Assembly recognized that a local school board and a county governing body might agree to a performance audit of a local school system. In the absence of such an agreement, the Legislature authorized the State Department of Education, at the request of a county government, to contract for a performance audit of the county school system. ED §5-110(b). However, the county governing body cannot require the local board to submit to a performance audit by the county auditor without the local board's assent. 91 *Opinions of the Attorney General* 145 (2006).

Other provisions of law provide for performance audits in specific contexts. *See* CS §8-114 (authorizing Commission on Correctional Standards to conduct performance audits of correctional facilities); Annotated Code of Maryland, Insurance Article, §29-101 (adopting an interstate compact that includes provision for a "performance audit" of a commission established by the compact).

These statutes demonstrate that, when the General Assembly intends that a government unit or an official have authority to conduct a performance audit, that authority is made express. It has not been made express in ED §16-315(i), and, in our view, the right to perform a "periodic or special audit" preserved in that statute should not be construed to mean a performance audit.

## C.  *History of Audit Provisions Relating to Community Colleges*

The legislative history of ED §16-315 confirms our construction of the statutory language. From the inception of the statute, the Legislature apparently intended the references to audits of a community college by a county auditor to denote financial audits. In 1961, the local boards of education were given authority to establish and maintain community colleges. Chapter 134, Laws of Maryland 1961. The board of trustees, the superintendent, and the president of a community college were "charged with the preparation of the annual budget, …and the receipt and expenditure of budgeted funds under an adequate accounting system, subject to review by the auditor of the county or of Baltimore City …." Annotated Code of Maryland, Article 77, §302(a) (1961 Supp.).

In 1968, the Legislature established the State Board for Community Colleges ("State Board") and gave it authority to

"exercise full State-wide responsibility for the several community colleges." Chapter 454, Laws of Maryland, 1968, *codified at* Annotated Code of Maryland, Article 77, §§304A (1965 Repl. Vol. & 1968 Supp.). County auditors retained their authority to review the accounting system of a community college. Article 77, §302(a).

When the Education Article was enacted in 1978, the provision concerning audits of community colleges was recodified as ED §16-409(a). Chapter 22, Laws of Maryland 1978. The revisors added language to make explicit that an audit was required annually, as the State Board had required by rule. *Id*., Revisor's Note.[6] That same year, the audit statute was amended substantively to add many of the provisions that still appear in it today, including a direction to the State Board to create guidelines for audits and the authorization for the Legislative Auditor to perform the annual audit. Chapter 642, Laws of Maryland 1978. While that bill was before the Legislature, it was amended to include the savings clause allowing for "periodic or special" audits by county auditors that now appears in ED §16-315(i). Given that the 1978 recodification of the provision was the first time that the provision referred to an "annual" audit, it appears likely that this provision was added simply to clarify that the "annual" audit did not preclude the conduct of audits at other times or on other cycles.

It is notable that, in connection with the 1978 legislation, the State Board submitted to the Legislature a description of the audit process for community colleges. Letter and Report of Brent M. Johnson, Executive Director, State Board for Community Colleges, to Delegate Benjamin L. Cardin (February 27, 1978). That submission provides elaborate detail as to the conduct of financial audits and enrollment audits in the context of a community college. There is no mention of performance audits in the legislative file.

Subsequently, the Legislature has modified the statute in only minor respects. In 1985, ED §16-409(b) and (c) were amended to require the State Board to review and assess the annual audit report and management letter. A process was established for the State Board and the community colleges to deal with material weaknesses and related recommendations. Chapter 123, Laws of Maryland 1985. In 1991, the State Board was discontinued and its powers and

---

[6] Prior to creation of Education Article, Article 77, §302(a) had been renumbered as Article 77A, §5 by Chapter 405, §4, Laws of Maryland 1969.

duties were vested in MHEC. Chapter 464, Laws of Maryland 1991. In 1996, the Legislature authorized a renumbering of the provision, resulting in its current codification as ED §16-315. Chapter 10, §16, Laws of Maryland 1996.

Since 1978, no substantive changes related to audits by a county auditor have been made in the statute. Thus, there appears no basis for reading an authorization for a county auditor to conduct a performance audit into the statute that was not present when the subsection was originally enacted in 1978.[7]

### D. Summary

The statutory provision cited in the Resolution – ED §16-315(i) – preserves a right for a county auditor to undertake a financial audit of a community college. However, the Resolution itself requests the County Auditor to review the "effectiveness" of various practices of the College and to make various comparisons with other colleges. This assignment largely falls within the scope of a performance audit of the College rather than a financial audit that the savings clause of the statute allows.[8] Thus, the County Auditor lacks authority to compel the College to undergo such an audit.

---

[7] The 1990 Opinion reached a similar conclusion regarding a statute that allowed for a county auditor to audit a local board of education. Attorney General Curran reviewed the legislative history of the relevant statute and ascertained that the references to an "audit" in that subsection were linked to provisions concerning audits of the local board's "financial transactions and accounts." 1990 Opinion at 174-78. Accordingly, the county governing body lacked authority under the statute, as it then existed, to conduct a performance audit. *Id.* 1990 Opinion at 172. While ED §16-315(i) traces its origin to a separate statute, it is not surprising that the Legislature adopted a similar policy concerning county audits as to these two State educational entities that are partially funded by counties.

[8] Portions of the Resolution ask the County Auditor to obtain public records or information from the College. Like any other person, the County Auditor may make a request to the College for access to records under the Public Information Act ("PIA"). SG §§10-611 *et seq.* The PIA contemplates that one government entity may ask another government entity for access to records. SG §10-611(b) ("'Applicant' means a person or governmental unit that asks to inspect a public record"). The PIA provides a broad right of access to public records, but also incorporates various exceptions that may apply to some of the records or information sought. *See* 92 *Opinions of the Attorney General* 137, 145-47 (2007).

# III

## Conclusion

In our opinion, ED §16-315(i) does not authorize the County Auditor to undertake a performance audit of Anne Arundel Community College. The County Auditor may conduct a financial audit of the College.

Douglas F. Gansler
*Attorney General*

Patricia A. Logan
*Assistant Attorney General*

Robert N. McDonald
*Chief Counsel*
  *Opinions and Advice*